141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas
Corporation, Plaintiff-Appellant,
v.
LESKOVAR MOTORS INC., a Montana Corporation; Sean Walsh,
aka Sean Walsh Leskovar; Kurt Johnston,
Defendants-Appellees.
 No. 96-35023.
D.C. No. CV-94-00074-PGH.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Mar. 6, 1997.
Submission Withdrawn May 13, 1997.
Resubmitted Feb. 19, 1998.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the District of Montana Paul G. Hatfield, District Judge, Presiding.
 Before WALLACE, BOOCHEVER, and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Universal Underwriters Insurance Company (Universal) appeals from the district court's summary judgment in favor of the Leskovars in this declaratory relief action. Jurisdiction in the district court was based upon 28 U.S.C. § 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we reverse and remand.
 
 
 2
 The district court held that Sean Walsh Leskovar's use of a Thunderbird, which was assumed by the district court to be regularly used by his mother but not by him, was covered by Endorsement 56 of Leskovar Motors' policy with Universal. Endorsement 56 provided "non-owned auto coverage." It defined a non-owned auto as "an AUTO not owned by, LEASED to, or furnished or available for the regular use of an INSURED ...." It defined an insured as "each person shown in the declarations as subject to this endorsement and their spouse and other members of their household ...." Both Sean Leskovar and his mother were listed in the policy's declarations.
 
 
 3
 The Leskovars contend that the coverage applied separately to all insureds and that therefore the central fact is that the Thunderbird was not "available for the regular use" of Sean Leskovar.
 
 
 4
 Even if the Leskovars are correct that the coverage must be considered separately for all insureds, the definition of "insured" to include household members defeats the Leskovars' argument. The definition of "insured" here is clear. If the Thunderbird was available for Mrs. Leskovar's regular use, then Sean Leskovar is not covered by Endorsement 56 because she is a member of the household.
 
 
 5
 There is no ambiguity in this provision and we need not address the argument about the meaning of "an" in "an insured." Nevertheless, if we were to address the argument, there is no merit to the attempted distinction between the term "an insured" and "any insureds." See The American Heritage Dictionary 66 (2d College Ed.1991) ("any"); Blacks Law Dictionary 84 (6th ed.1990) ("the English indefinite article, equivalent to 'one' or 'any" '); Webster's Ninth New Collegiate Dictionary 43 (1986) ("any").
 
 
 6
 The district court did not address Universal's assertion that the Thunderbird was available for Mrs. Leskovar's regular use, and we therefore remand for a determination of this issue, and any other issues the district court wishes to address.
 
 
 7
 REVERSED and REMANDED.
 
 
 8
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.